Kevin C. Barrett, State Bar No. 8959
**GRAIF BARRETT & MATURA, P.C.**
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Telephone: 602-792-5700
Facsimile: 602-792-5710
Email Addresses: kbarrett@gbmlawpc.com

*Attorneys for Defendant*
*American Family Mutual Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FRED DOREMUS, individually; and LINDA DOREMUS, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign entity; DOES I through X; and ROE CORPORATIONS, XI through XX, inclusive, <br><br> Defendants. | Case No. 2:17-CV-1034-RFB-VCF <br><br> **JOINT MOTION TO ENTER PROTECTIVE ORDER** |

The Parties, through their counsel, jointly request that this Court enter the attached Protective Order as an Order of this Court. The Protective Order will protect proprietary and confidential information that the Parties and third-parties will produce during discovery. The Protective Order will also regulate the Parties' use of any proprietary or confidential information during the course of this litigation.

DATED this 21st day of December, 2017.

                GRAIF BARRETT & MATURA, P.C.

              By:  */s/ Kevin C. Barrett*
                 Kevin C. Barrett
                 *Attorneys for Defendant American Family Mutual Insurance Company*

HENNESS & HAIGHT

By: /s/ Jacob S. Smith
    Mark G. Henness, Esq.
    Jacob S. Smith, Esq.
    *Attorneys for Plaintiffs Fred and Linda Doremus*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and that a copy of same was deposited for mailing, first class mail, postage prepaid, to the following:

Mark G. Henness, Esq.
Jacob S. Smith, Esq.
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiffs*

/s/Reanna Diehl

Kevin C. Barrett, State Bar No. 8959
**GRAIF BARRETT & MATURA, P.C.**
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Telephone: 602-792-5700
Facsimile: 602-792-5710
Email Addresses: kbarrett@gbmlawpc.com

Attorneys for Defendant
American Family Mutual Insurance Company

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FRED DOREMUS, individually; and LINDA DOREMUS, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign entity; DOES I through X; and ROE CORPORATIONS, XI through XX, inclusive, <br><br> Defendants. | Case No. 2:17-CV-1034-RFB-VCF <br><br> **PROTECTIVE ORDER** |

Pursuant to the Parties' Joint Motion, and for good cause, the Court enters the following protective order pursuant to Federal Civil Procedure Rule 26(c). The purposes of this order are to facilitate discovery and to prevent the unnecessary disclosure of proprietary or confidential information and documents.

The terms and conditions of this protective order are as follows:

1. This action will involve discovery and production of documents and testimony that may contain confidential information, including proprietary information, private information relating to employees or agents, commercial and financial data, and other items.

2. A party may designate any documents or other material as "confidential" regardless whether the information is produced pursuant to the disclosure requirements of Federal Civil Procedure Rule 26; produced in response to an interrogatory, request for admission, request for production, or Court order; or contained in deposition testimony,

pleadings, or briefs. However, as specifically enumerated in paragraph 14 of this Protective Order, a party may object to the designation of material as confidential. If a party objects, and the parties cannot reach an agreement, the procedure and provisions contained in paragraph 14 shall determine the proper designation or status of the disputed material and/or information.

3. Any producing party may designate as "confidential" any materials or portions of materials that it produces. "Materials" includes non-paper media (*e.g.*, video, audio, discs, CD-ROMs, DVDs, etc.), documents, and testimony.

4. A party shall designate material as confidential by affixing thereon a small notice on the document either containing the word "CONFIDENTIAL" or a statement that the material is being produced under this Protective Order. All copies of any such documents made by the other party must either (a) contain the original designation of confidentiality, or (b) shall be clearly marked as "CONFIDENTIAL".

5. In the case of multi-page documents, the designation of confidentiality must be stamped on the first page of each document that the producing party intends to designate as confidential. It is not necessary to stamp every page, although the Court believes that it would be helpful to do so.

6. Discovery material furnished by a party in the form of testimony shall be designated as confidential either at the time the testimony is taken, or in writing within 30 days after the transcript of the testimony has been received by the designating party. The court reporter for any such testimony shall be informed of this Order by the party making the confidential designation. The court reporter shall comply with, and be bound by, this Order. In the event the party furnishing deposition testimony designates portions or all of that testimony as confidential, the court reporter shall separately transcribe and submit under seal, to counsel for the parties, transcriptions of the testimony designated as confidential. Confidential transcripts of deposition testimony shall be treated the same and afforded the same protections as other material designated as confidential under this Order.

7. Confidential materials shall be made available only to the named parties, the attorneys of the parties in this action, the attorneys' clerical, secretarial, and support staff, and

outside consultants or experts retained to assist in the prosecution or defense of this action.

8. Confidential material shall not be disclosed or communicated to outside consultants or experts unless and until that person has been given a copy of this Order and has signed an acknowledgement that he or she has received and agrees to comply with its terms. A copy of the acknowledgment is attached as Exhibit A to this Protective Order.

9. No person to whom confidential materials are made available shall make use of such material for any purpose other than the prosecution or defense of this action. No person to whom confidential material is made available shall disclose the contents of such material to any other person or entity, except as permitted by this Order.

10. In the event a party should conclude that, for the purposes of this action, it needs to disclose any confidential materials to person(s) not specified in paragraph 7, it may do so only with the producing party's consent or by Court order. The party that wishes to disclose confidential information shall request permission for the disclosure from the producing counsel. To be effective, the producing party's consent must be granted in writing and must be specific as to documents or information that may be disclosed. Permission granted under this section obviates the need to request permission of the Court.

11. In the event a party or counsel for a party receives a subpoena issued in another lawsuit for confidential documents produced in this action, the party receiving the subpoena shall not produce any such documents unless required by a court to do so. Further, the party receiving the subpoena shall give prompt notice to the party who originally disclosed the documents in this lawsuit. Prompt notice shall be defined as notice sufficient to allow the party who disclosed the documents to file a motion to quash or to take other lawful action to prevent disclosure. At a minimum, prompt notice means an e-mail or fax to the producing party's counsel within two business days of receiving the subpoena.

12. In the event a party or counsel for a party seeks to file confidential information with the Court, the party or counsel seeking to file the confidential information shall request permission to file the confidential information from the producing counsel. To be effective, the producing party's consent must be granted in writing and must be specific as to documents or

1  information that may be filed. To the extent that consent is not given, the party seeking to file
2  confidential information shall give notice to the party who originally disclosed the confidential
3  information and shall allow for a reasonable period of time for that party to seek permission to
4  file the confidential information under seal.

5  13. Nothing in this Order shall be construed to preclude counsel from showing
6  confidential material to any witnesses during depositions, hearings, or at trial of this action. Any
7  counsel showing confidential material to a witness shall have a good faith basis for making the
8  disclosure, shall act in good faith, and must show the material to the witness in a manner that will
9  protect the confidential material from further disclosure. In the event any confidential material is
10 shown to a witness, it shall not lose its confidential status. in compliance with LR 10-5.

11 14. A party may object to the designation of materials as confidential and request the
12 Court to permit the use or disclosure of the information without regard to the terms of this Order.
13 The objecting party must notify the producing party in writing no more than 30 days after the
14 production of materials designated as confidential (or no more than 30 days after designation of
15 material as confidential subsequent to production) regarding the objection. The written notice of
16 objection must state the specific document objected to and the specific basis for the objection.
17 The parties shall first try to resolve the disagreement in good faith and on an informal basis, such
18 as production by redacted copies. If the disagreement cannot be resolved on an informal basis,
19 the designating party may move the Court for an order that determines whether the disputed
20 material is confidential. The designating party shall have the burden of proof to prove that the
21 disputed materials are entitled to be designated as confidential. The objecting party will have 20
22 days to respond to the designating party's motion. Pending the Court's ruling, the objecting
23 party shall treat the disputed documents as confidential. Absent good cause, if no motion is filed
24 by the producing party within 30 days of the parties' failure to amicably resolve the objection,
25 the producing party's claim of confidentiality as to the disputed materials shall be deemed
26 waived.

27 15. Inadvertent production of any information that does not contain a confidential
28 designation will not waive a party's claim that the information is confidential or estop a party

4

from designating the information as confidential at a later date. If materials have not yet been designated as confidential, disclosure of them by the other party does not violate this Order.

16. The provisions of this Order shall survive the termination of this action. Counsel for the parties are responsible for retrieving from their retained experts and consultants all confidential materials and returning them to the disclosing party, or destroying them, and for assuring that their retained experts and consultants do not keep any copies. The parties and their retained experts and consultants may keep copies of any confidential materials until all possible appeal rights are exhausted.

Dated: 12-22-2017

_____
Cam Ferenbach
United States Magistrate Judge

**EXHIBIT A**

ACKNOWLEDGMENT REGARDING PROTECTIVE ORDER

I, _____, hereby certify that I have read, reviewed, and understand the Protective Order entered in the above-captioned matter, and that I agree to abide fully and be bound by its terms with respect to any documents, materials or information designated or marked "SUBECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" under the Protective Order that is furnished to me in any manner.

I agree not to disclose to anyone any documents, materials or information designated or marked "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" other than as set forth in the Protective Order.

I agree not to make any copies of any documents, materials or information designated or marked "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" except in accordance with the Protective Order and to return all confidential documents to the party or attorney who provided them and to return or destroy all copies.

I agree not to make use of any confidential document under the Protective Order provided in this litigation for any purpose outside of this litigation.

I hereby consent to be subject to the personal jurisdiction and venue of the above-captioned Court with respect to any proceeding related to the Protective Order.

Dated:_____

_____
Printed Name

_____
Signature

4845-0793-3523, v. 1